UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                      Case Nos. 17-CR-77 WCG

CHRISTOPHER HOWARD,

        Defendant.

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                      Case Nos. 22-CR-88 WCG

QUINCY SHIELDS,

        Defendant.

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                      Case Nos. 26-CR-100 BBC

CHRISTOPHER HOWARD, QUINCY SHIELDS,
DEJUAN JONTE WILEY, ELMORE ANDERSON, III,
TONY MICHAEL FLOWERS, and
JAMES BERNARD SPRIGGS, II,

        Defendants.

## ORDER DENYING MOTIONS TO REASSIGN CASES

Now before the court are two motions requesting transfer of WIED Case Number 26-CR-100, currently assigned by U.S. District Judge Byron Conway, to me pursuant to Criminal Local Rule 13 as related actions. Two of the six defendants in 26-CR-100, Christopher Howard and Quincy Shields, were previously sentenced by me and have pending supervised release revocation

proceedings before me for violations that are essentially the same as the crimes charged in 26-CR-100. Since I have previously sentenced both Howard and Shields, they argue that I have greater knowledge of the defendants and that transferring their new case to me will save judicial resources by having the same judge handle both of their cases.

Criminal Local Rule 13 (E.D. Wis.) governs the reassignment of related criminal cases states:

> **(a) Conditions for Reassignment**. A criminal case may be reassigned to another judge if it is found to be related to a lower numbered criminal case assigned to that judge and each of the following criteria is met:
>
> > **(1)** all defendants in each of the cases are the same, or, if the defendants are not all the same, the cases are based upon the same set of facts, events or offenses;
> >
> > **(2)** both cases are pending in this District;
> >
> > **(3)** the handling of both cases by the same judge is likely to result in the overall saving of judicial resources; and
> >
> > **(4)** neither case has progressed to the point where reassigning a case would likely delay substantially the proceedings in either case, or the Court finds that the assignment of the cases to the same judge would promote consistency in resolution of the cases or otherwise be in the interest of justice.

Criminal L.R. 13(a).

Here, reassignment of the new case to me would not be appropriate under the rule. The four criteria of Criminal L.R. 13(a) are not met. All of the defendants are not the same. Howard and Shields are only two of the six defendants named in 26-CR-100. The cases are also based on different sets of facts, events or offenses. Judge Conway's case involves a conspiracy to distribute drugs that began in August 2025 and continued until April of 2026. In his case before me, Howard was charged along with other co-defendants, with conspiracy to distribute drugs that ran from May 2016 to March of 2017. Shields' previous case involved a conspiracy that ran from November 2020 to March 2022. Although the alleged violations of supervised release in Howard's and

2

Shields' cases may be based on the same offenses as are charged in Judge Conway's case, their original offenses were unrelated and prior to the offenses charged in the new case. All three cases involve different co-defendants.

Rather than transfer Judge Conway's case involving six defendants to me, Judge Conway and I agree it makes more sense to transfer Howard's and Shields' revocation cases to Judge Conway in the event they are convicted of the new charges. If Howard and Shields prefer that their revocation cases follow the new case and await disposition of that case, counsel can advise the clerk and the revocation cases can be transferred to Judge Conway now. In the meantime, the cases will remain assigned as they are. The clerk is directed to set both revocation cases, 17-CR-77 and 22-CR-88, on my calendar for a telephone conference to address further scheduling. In any event, the motions to reassign 26 -CR-100 to the undersigned are denied.

**SO ORDERED** at Green Bay, Wisconsin this __15th__ day of June, 2026.

_____
William C. Griesbach
United States District Judge

3